UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS SANCHEZ,

                Plaintiff,

-against-

MR. DAVID HOWARD – (SUPERINTENDENT), et al.,

                Defendants.

**ORDER**

7:24-CV-8528 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Carlos Sanchez[1] ("Plaintiff"), proceeding *pro se*, commenced this action on October 31, 2024 in the United States District Court for the Northern District of New York. (Doc. 1, "Compl."). This action was transferred to the Southern District of New York on November 6, 2024 (Docs. 5-6) and assigned to me on December 9, 2024 (Dec. 9, 2024 Entry). Plaintiff, currently incarcerated at Woodbourne Correctional Facility ("Woodbourne"), presses claims for violations of her constitutional rights pursuant to 42 U.S.C. § 1983 against David Howard, Danielle Glebocki, Allison Pabon, C.O. Leal, and C.O. McKenzie ("Defendants"). Before the Court is Plaintiff's application to proceed *in forma pauperis*. (Doc. 2).

## BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983, asserting multiple claims under the First and Eighth Amendments, including failure to protect, retaliation, sexual assault, denial of medical treatment, unconstitutional conditions of confinement, equal protection violations, and interference with legal mail. (*See generally* Compl.). Plaintiff, who is transgender, alleges that on July 23, 2024, she was placed in a Woodbourne cell block that holds only transgender prisoners.

---

[1] Plaintiff alleges that she is transgender. Accordingly, the Court refers to Plaintiff herein with female pronouns.

(*Id.* at 4). Plaintiff alleges that C.O. Leal, who was assigned to her cell block, verbally harassed her and on some occasions prohibited her from accessing a bathroom, her hormone pills, food, and packages. (*Id.* at 4, 7-9). Plaintiff further alleges that C.O. Leal sexually assaulted her and made threats to stop her from writing complaints. (*Id.* at 4-6, 8).

Plaintiff alleges that she wrote letters to Superintendent Howard, Deputy Superintendent Glebocki ("Ms. Glebocki"), and Superintendent Pabon about the these and other issues, but that none of the Defendants responded to her concerns. (*Id.*). Plaintiff specifically alleges that she sent Ms. Glebocki a letter regarding her inability to participate in a program because she could not be housed in another housing unit, and Ms. Glebocki responded that she would "try [to] force [Plaintiff] to move . . . to D1 a general population block." (*Id.* at 4-7). Plaintiff claims that inmates in general population are "homophobic" and "gang[] members," and that as a victim of sexual assault (which occurred in another facility), Plaintiff's "life will [] be [i]n jeopardy if they move [her] to D1 Block. . . ." (*Id.*).

## STANDARD OF REVIEW

Section 1915(g) bars a prisoner from proceeding IFP, absent a showing of imminent danger, if on three or more occasions while incarcerated, she has brought an action or an appeal that was "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The Second Circuit has set forth the following elements for the imminent danger exception to apply: "as alleged in the complaint, (1) the danger must exist at the time the complaint is filed; (2) the feared physical injury must be serious; and (3) the complainant's claims of imminent danger are not conclusory or ridiculous." *Harnage v. Kenny*, 828 F. App'x 766, 768 (2d Cir. 2020) (citing *Chavis v. Chappius*, 618 F.3d 162, 169-70 (2d Cir. 2010)). While the Court, when performing the Section 1915(g) analysis, is "obligated to draw the

most favorable inference that [Plaintiff's] complaint supports," it cannot "invent factual allegations that he has not pled." *Chavis*, 618 F.3d at 170.

## ANALYSIS

As a threshold matter, based on its review, the Court has determined that Plaintiff acquired at least three strikes before filing the present action. *See Sanchez v. Shanley*, No. 20-CV-00648, 2021 WL 365912, at *5 (N.D.N.Y. Feb. 3, 2021) (dismissing pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, (Judgment entered Feb. 3, 2021)); *Sanchez v. DeGrote*, No. 17-CV-01007, 2018 WL 7291432, at *7 (N.D.N.Y. Nov. 8, 2018), *adopted by*, 2019 WL 587517 (N.D.N.Y. Feb. 13, 2019) (dismissing for failure to state a claim upon which relief may be granted, (Judgment entered Feb. 13, 2019)); *Sanchez v. Fischer*, No. 10-CV-00479 (N.D.N.Y. Aug. 18, 2010) (dismissing pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, (Judgment entered Oct. 27, 2010)); *Sanchez v. Acrish, N.P. et al*, No. 08-CV-05494 (S.D.N.Y. March 11, 2009) (granting Fed. R. Civ. P. 12(b)(6) motion in default, (Judgment entered March 29, 2009)).

Plaintiff is thus barred from proceeding *in forma pauperis* in this action unless the Complaint alleges sufficient facts to show that Plaintiff was under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009). Here, Plaintiff's claims arise from C.O. Leal's alleged harassment of Plaintiff in her cell block, as well as the supervisory Defendants' allegedly inadequate responses to Plaintiff's complaints. (Compl. at 4, 6-9). Such allegations of wrongdoing, even if true, are based on past events and "do not demonstrate that plaintiff faced an 'imminent danger of serious physical

3

injury' when [s]he filed this action." *Carter v. Miller*, No. 22-CV-01086, 2022 WL 16834055, at *3 (N.D.N.Y. Nov. 9, 2022); *see also Antrobus v. Dapecevic*, No. 17-CV-00584, 2018 WL 3242272, at *10 (S.D.N.Y. July 3, 2018).

However, Plaintiff's claim with respect to Ms. Glebocki also alleges a future harm—namely, Ms. Glebocki's statement that she would try to move Plaintiff to a cell block in general population where Plaintiff's life would be in jeopardy. (Compl. at 4, 6-7). These allegations are insufficient to support Plaintiff's claim to the imminent danger exception. As an initial matter, the imminent nature of the alleged danger is not clearly pled. Ms. Glebocki allegedly told Plaintiff that she would "try [to] force [Plaintiff] to move . . . to D1 a general population block." (Compl. at 4, 7). Plaintiff does not allege that Ms. Glebocki is in fact taking steps to move Plaintiff to a different housing unit. Moreover, Plaintiff's allegations are conclusory. *Cf. Chavis*, 618 F.3d at 170. Plaintiff offers no specific facts to support her claim that her life would be in jeopardy if housed in general population apart from generalized allegations that inmates housed in general population are "homophobic and gang[] members." (Compl. at 4).

Accordingly, Plaintiff's allegations amount to speculation that Ms. Glebocki may try to move her to a different housing unit where a future attack may take place at the hands of some other inmate in that unit. There are no allegations in the complaint indicating that an attack is imminent. *See Burgess v. Conway*, 631 F. Supp. 2d 280, 283 (W.D.N.Y. 2009) ("To fall within the exception, however, the danger must be specific in nature, and amount to more than just fear that a physical attack could occur at some point in the future."); *see also Flemming v. Kemp*, No. 09-CV-01185, 2010 WL 3724031, at *3 (N.D.N.Y. Aug. 19, 2010), *adopted* by, 2010 WL 3724028 (N.D.N.Y. Sept. 15, 2010) ("Flemming's contentions of constant fear of harm, without

4

anything pointing to a specific threat of harm or identifiable danger to his health, are insufficient to establish a danger that is neither speculative nor hypothetical.").

Plaintiff is, therefore, barred from proceeding *in forma pauperis* in this action and she may only proceed by paying $405.00 in fees, which includes a $350.00 filing fee plus a $55.00 administrative fee. *See Shepherd v. Annucci*, 921 F.3d 89, 94 (2d Cir. 2019).

## CONCLUSION

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff. The Court grants Plaintiff 30 days from the date of this Order to pay $405.00 in fees to proceed with this action. *See* 28 U.S.C. § 1915(g). Should Plaintiff fail to pay the $405.00 in filing fees within 30 days of the issuance of this Order, the Clerk of Court is directed to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: White Plains, New York
December 12, 2024

_____
PHILIP M. HALPERN
United States District Judge